### CHESTER GASLIGHT CO. v. BAKER.

(Supreme Court, Appellate Term.   May 19, 1904.)

1. SALES—CONDITION—PURCHASER'S APPROVAL—SUFFICIENCY OF EVIDENCE.
   Evidence in an action for the purchase price of goods held insufficient to show that the purchase was made on approval.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Chester Gaslight Company against Charles J. Baker. Judgment for defendant, and plaintiff appeals.   Reversed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

Horace London, for appellant.

Meyer Greenberg, for respondent.

SCOTT, J.   The complaint alleged the sale to defendant of a lamp at the agreed price of $22.50.   The answer, which is in writing, con-

sisted merely of a general denial. The sale and promise to pay were conclusively proven by a written contract signed by defendant. Although the issues were thus narrowed by the pleadings, the real defense upon which the action was tried was that the lamp was sold upon a 30-days approval, and that it did not work properly; and the justice apparently decided the cause in defendant's favor upon the theory that this defense had been made out. In this we think that he erred. Not only was the written contract absolute in its promise to pay, but the circumstances attending the execution of the contract negative the defendant's story that the lamp was delivered subject to approval. The defendant had previously bought a lamp from plaintiff, which, after trial, did not suit him. Plaintiff's agent called on defendant, and, after some conversation, and the examination of cuts or plates showing different patterns of lamps, the agent, on plaintiff's behalf, agreed to take back the lamp first sold, and in place thereof to deliver the lamp which is the subject of this action. This second lamp was delivered, and put up and used by defendant for two days before he signed the contract, which he read over carefully before signing. The defendant says that he had difficulty with the lamp during those two days, but nevertheless even after that trouble he signed the contract, absolute in form. Even if it be assumed, as was neither alleged nor proven, that plaintiff's agent, when selling the lamp, undertook that it should be in perfect condition when delivered, and capable of doing the work required of it, there is absolutely no proof that the trouble arose from any defect in the lamp itself; and there was evidence that whatever trouble was experienced might have arisen, and probably did arise, from careless or ignorant handling.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.